IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KAREN CHRISTOFFERSEN, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> UNITED PARCEL SERVICE, INC., LIBERTY MUTUAL INSURANCE COMPANY, and HELMSMAN MANAGEMENT SERVICES, LLC, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS <br><br><br><br><br> Case No. 2:13-CV-68 TS |

This matter is before the Court on two Motions to Dismiss. The first was filed by Defendant United Parcel Service Inc. ("UPS"). The second was filed by Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Helmsman Management Services, LLC ("Helmsman") (collectively, the "Insurance Defendants"). For the reasons discussed below, the Court will grant both Motions.

I. BACKGROUND

Al Christoffersen was killed in a motor vehicle accident in the scope of his employment with UPS on December 1, 2008. Mr. Christoffersen's wife, the plaintiff in this matter,

1

subsequently brought a wrongful death action against Western Excavating LLC and its driver (collectively referred to as "Western"), the parties at fault for the accident.  Western responded by offering its policy limits to settle the action.

On August 30, 2012, Ms. Christoffersen filed her Complaint in this case, alleging that "defendants have not paid their proportionate share of the reasonable expense of the third-party action [with Western], including attorney's fees" pursuant to Utah Code Ann. § 34A-2-106(5), and that "UPS and/or Liberty Mutual breached the fiduciary duty that it owed the plaintiff," pursuant to Utah Code Ann. § 34A-2-106(2).[1]

Defendants subsequently moved to dismiss the Complaint.  Liberty Mutual and Helmsman argue that this Court lacks jurisdiction to hear this case while UPS argues that Plaintiff's claims are barred by the doctrines of collateral estoppel and claim preclusion.

## II.  LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully

---

[1]Docket No. 8-1, at 8–9.

[2]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

harmed-me accusation."[4]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

## III.  DISCUSSION

The Insurance Defendants argue that the Complaint should be dismissed because this Court lacks jurisdiction to hear Plaintiff's claims and because the Complaint fails to meet the pleadings standards of Fed. R. Civ. P. 8(a)(2).  UPS, on the other hand, argues that Plaintiff's Complaint should be dismissed because her claims are barred by the doctrines of issue preclusion and claim preclusion.

As the parties' arguments all involve the Workers' Compensation Act ("WCA" or "the Act"), a short introduction to the Act is appropriate.

"The Workers' Compensation Act is a comprehensive scheme enacted to provide speedy compensation to workers who are injured as a result of an accident occurring in the course and scope of their employment, irrespective of negligence on the part of employers or employees."[7]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Sheppick v. Albertson's, Inc.*, 922 P.2d 769, 773 (Utah 1996).

"The remedies provided by the Act for injuries to workers are exclusive of common law remedies."[8]

A.   INSURANCE DEFENDANTS' MOTION TO DISMISS

The Insurance Defendants move to dismiss Plaintiff's Complaint on two grounds: (1) the Court lacks jurisdiction to consider Plaintiff's claims and (2) Plaintiff's Complaint fails to meet the pleadings standards of Fed. R. Civ. P. 8(a)(2).

1.   JURISDICTION

The Insurance Defendants argue that the Court lacks jurisdiction in this matter because exclusive jurisdiction to hear claims arising under the WCA (including Plaintiff's claims) is vested in the Utah Labor Commission.  Plaintiff disagrees, arguing that the Labor Commission has exclusive jurisdiction only over claims that involve traditional workers' compensation benefits.  Because Plaintiff's claim involves the disbursement of proceeds obtained from a third-party, and not traditional workers' compensation benefits, Plaintiff believes her claim is properly brought in this Court.

Plaintiff's claims in this case are based on sections 34A-2-106(5) and 34A-2-106(2) of the Utah Code, both of which are part of the WCA.  Section 34A-2-106(5) states that the Act does not bar a lawsuit that a plaintiff may have against a person other than an employer and sets forth the procedure for distributing any funds recovered through such lawsuit.  Section 34A-2-106(2) states that in certain situations the employer or insurance carrier becomes "the trustee of the cause of action against the third party . . . ."

---

[8]*Id.*

The Court will provide an overview of two cases cited by the parties that are particularly relevant to the issues before the Court.

The first is the Utah Supreme Court's decision in *Sheppick v. Albertson's, Inc.*  In *Sheppick*, an injured worker sought reimbursement of medical expenses under the Act.  The self-insured employer paid for the employee's initial treatment, but when the employee later argued that the injury had caused additional damage, the employer refused to pay, claiming that the additional damage was caused by subsequent, unrelated events.  The employee filed an application for a hearing with the Labor Commission but later withdrew the application and filed a complaint in state district court.

The Utah Supreme Court subsequently held that the district court lacked jurisdiction because the issue of whether the additional injury was compensable under the WCA fell within the Labor Commission's exclusive jurisdiction.  In reaching this decision, the court stated that "[a]lthough the Act does not specifically state that no court may award benefits provided by the Act, that is its clear import.  District courts have no jurisdiction whatsoever over cases that fall within the purview of the [WCA]."[9]  The Court further stated that the "Commission has exclusive jurisdiction not only to issue compensation awards authorized by the Act, but also to make the necessary factual findings upon which such awards may be made   . . . ."[10]

---

[9] *Id.*

[10] *Id.* at 775.

The second case is *Working RX, Inc. v. Workers' Compensation Fund*.[11] In *Working RX*, the Utah Court of Appeals relied on *Sheppick* to hold that claims regarding the reasonableness of payments for prescription benefits under the WCA fell within the Labor Commission's exclusive jurisdiction. The plaintiff in *Working RX* was a company that processed prescriptions for injured workers. It claimed that the workers' compensation carrier had underpaid it for prescriptions. In support of its decision, the court stated that although the WCA did not "explicitly state that a prescription provider may file an application for a hearing with the Commission . . . the statutory scheme provides that claims regarding the reasonableness of payments for prescriptions come within the Commission's exclusive jurisdiction."[12] The court also stated that

> [e]ven without a specific statement establishing so, "the right to exercise [exclusive] jurisdiction, in our judgment, is clearly implied as necessary and incident to the exercise of the other powers granted and compliance with the duty imposed by the other provisions of the act." For us to "hold otherwise would . . . run contrary to the entire spirit and purpose of the law."[13]

The Insurance Defendants assert that the Labor Commission has exclusive jurisdiction to hear Plaintiff's claims because the jurisdictional reach of the Act is broad—applying to virtually all claims that invoke rights under the Act—and because the Labor Commission is in the best position to apply the Act's provisions at issue in this matter. Plaintiff disagrees, arguing that the Labor Commission's exclusive jurisdiction is limited to claims for traditional workers'

---

[11] 173 P.3d 853 (Utah Ct. App. 2007).

[12] *Id.* at 856.

[13] *Id.* at 856–57 (quoting *Utah Copper Co. v. Indus. Comm'n of Utah*, 193 P. 24, 27 (1920)).

compensation benefits, and that a court of general jurisdiction is in the best position to determine the allocation of any funds obtained from a third party.

The Court finds that the Labor Commission has exclusive jurisdiction over Plaintiff's claims for two reasons. First, the Labor Commission's broad, exclusive jurisdiction deprives this Court of jurisdiction. The WCA provides that administration of the Act "is vested in the [Labor C]ommission."[14] The Act also states that "[t]o contest an action of the employee's employer or its insurance carrier concerning a compensable industrial accident . . . alleged by the employee or a dependent[, the plaintiff] shall file an application for hearing with the Division of Adjudication . . . ."[15] In this case, Plaintiff is contesting an "action" of Defendants (their alleged failure to pay proportionate attorney fees) that "concern[s] a compensable industrial accident" (the accident in which Mr. Christoffersen was killed), and the mandatory "shall" requires that Plaintiff file her claim regarding this alleged action with the Labor Commission, not this Court.[16]

The Labor Commission's broad jurisdiction is also exemplified by the Utah Supreme Court's statement that, aside from two exceptions not present in this case, "[d]istrict courts have no jurisdiction whatsoever over cases that fall within the purview of the Workers' Compensation Act."[17]

---

[14] Utah Code Ann. § 34A-2-112.

[15] *Id.* § 34A-2-801(1)(a).

[16] *See id.*

[17] *Sheppick*, 922 P.2d at 773.

Second, *Sheppick*, and *Working RX, Inc.*, demonstrate that the Labor Commission's exclusive jurisdiction applies to claims that invoke rights under the Act. In *Sheppick*, an injured employee's claim for benefits pursuant to a specific provision of the Act was committed to the exclusive jurisdiction of the Commission even though the Act did "not specifically state that no court may award benefits by the Act."[18] In *Working RX, Inc.*, the court determined that a trial court had no jurisdiction to address the plaintiff's claim that the defendant had a "statutory duty . . . to pay for injured workers' prescription medicines" because it was "a claim alleging a violation under the Act and, as such, comes within the Commission's exclusive jurisdiction."[19]

Under the same reasoning, Plaintiff's claim invokes rights under the Act, thus falling within its purview and becoming subject to the exclusive jurisdiction of the Labor Commission. Like *Sheppick*, the fact that the Act does "not specifically state that no court may" determine the allocation of attorney fees pursuant to Section 34A-2-106(5), is of little consequence.[20] By claiming that Defendants failed to comply with a statutory duty to pay proportionate attorney fees as required by the Act, Plaintiff claims a violation of the Act "and, as such, comes within the Commission's exclusive jurisdiction."[21]

Plaintiff argues that the instant case is distinguishable because, instead of traditional workers' compensation benefits, she is seeking a portion of the proceeds of a third-party lawsuit.

---

[18] *Id.*

[19] *Working RX, Inc.*, 173 P.3d at 855.

[20] *See Sheppick*, 922 P.2d at 773.

[21] *Working RX*, 173 P.3d at 855.

This argument fails because, as discussed, the Commission's exclusive jurisdiction is not limited to issues involving traditional workers' compensation benefits, but rather extends to all claims "alleging a violation under the Act . . . ."[22]

Plaintiff's claim for breach of fiduciary duty is similarly committed to the exclusive jurisdiction of the Labor Commission. Plaintiff asserts that her claim for breach of fiduciary duty is a "common-law tort claim that can be adjudicated in courts of law."[23] The Utah Court of Appeals rejected a similar argument in *Working RX, Inc.* The plaintiff in that case argued that his unjust enrichment claim was merely a common-law claim "that the Commission ha[d] no jurisdiction to adjudicate . . . ."[24] The court found, however, that the unjust enrichment claim was "more properly categorized as a recharacterization of [the plaintiff's] claim, which plainly allege[d] a violation of the Act."[25] The same is true here. According to Plaintiff, Defendants "breached their fiduciary duty that they owed the plaintiff as trustee of the claim (by not paying their proportionate share of the reasonable expenses of the third-party action)."[26] Thus, just as in *Working RX*, *Inc.*, Plaintiff's common-law claim "plainly alleges a violation of the Act" and must be committed to the exclusive jurisdiction of the Labor Commission.

---

[22]*Id.*

[23]Docket No. 13, at 9.

[24]*Working RX, Inc.* 173 P.3d at 857.

[25]*Id.*

[26]Docket No. 13, at 12.

Plaintiff also argues that it is not the Labor Commission, but this Court, that has the expertise to determine her claims.  According to Plaintiff, because courts of general jurisdiction have jurisdiction over third parties, the Commission should not be relied on to adjudicate disputes regarding the proceeds generated through litigation with third parties.  Instead, the court that decided the underlying lawsuit would be in the best position to determine the reasonableness of costs and attorney fees.  The Court disagrees.  It is true that the court that oversees a particular proceeding is in a fine position to determine the reasonableness of costs and fees, but the Commission is also equal to the task.  The same is not true, however, of disputes that arise under the Act.  While the Commission has particular expertise in addressing "the special situations to which the Act applies,"[27] a trial court does not.  More importantly, unlike the claims arising under the Act, there is no statutory mandate that issues of costs and attorney fees be determined by a trial court.

The Court therefore holds that exclusive jurisdiction to determine Plaintiff's claims is vested in the Labor Commission.  As Plaintiff brings the same claims against all Defendants, this holding also deprives the Court of jurisdiction over Plaintiff's claims against UPS.  Having determined that the Court lacks jurisdiction over Plaintiff's claims, the Court cannot address the parties' remaining arguments.

---

[27] *Sheppick*, 922 P.2d at 775.

V.  CONCLUSION

Based on the above, it is hereby

ORDERED that Defendant United Parcel Service Inc.'s Motion to Dismiss (Docket No. 8) is MOOT.  It is further

ORDERED that Defendants Liberty Mutual Insurance Company and Helmsman Management Services, LLC's Motion to Dismiss (Docket No. 9) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED   June 25, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge